UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ) | ) | |
| vs. | ) | CAUSE NO.: 3:93-CR-37(01) RM |
| | ) | |
| JOHN I. WINSTON, Jr. | ) | |

OPINION AND ORDER

John Winston's petition for reduction of an employment disability pursuant to 29 U.S.C. § 504 was denied after a hearing held on March 7, 2007. The government seeks return of a Department of Labor investigative report, which was produced for the hearing, and which the government claims Mr. Winston is using for inflammatory purposes. Mr. Winston doesn't contest this allegation but argues that the report was "admitted as evidence" during his hearing and is therefore "available to the public."

The Federal Rules of Criminal Procedure apply to all "criminal proceedings in the United States district courts." FED. R. CRIM. P. 1. Section 504 is a criminal statute, U.S. v. Jalas, 409 F.2d 358, 360 (7th Cir. 1960), and discovery conducted during the prosecution of a party charged with unlawfully holding a union office after a felony conviction is governed by the Federal Rules of Criminal Procedure. *See* U.S. v. Berrios, 501 F.2d 1207, 1212 (2nd Cir. 1974). The court therefore agrees with the government (and Mr. Winston hasn't argued to the contrary) that a petition and hearing for relief from additional punishment under § 504 that results from Mr. Winston's original criminal transgression is a "criminal proceeding." *Cf.* Browning-Ferris Industries of Vermont, Inc. v. Kelco Disposal, Inc., 492 U.S. 257,

272 (1989) (noting that a civil action is generally involves a dispute between private parties, seeking remedies for a private wrong, while a criminal action involves the prosecution of conduct by a sovereign to exact punishment); O'Brien v. Moore, 395 F.3d 499, 505 (4th Cir. 2005) (holding a habeas action is both civil and criminal in nature, but "to the extent that a habeas proceeding reviews a criminal punishment with the potential of overturning it, the habeas proceeding necessarily assumes part of the underlying case's criminal nature ...." ); United States v. Webster, 162 F.3d 308, 346 (5th Cir. 1998) (the Federal Rules of Criminal Procedure apply to sentencing hearings); Ex parte Tom Tong, 108 U.S. 556, 559 (1883) ("proceedings for the punishment of crimes are criminal proceedings").

A court may issue a protective order to regulate the use of discovery produced in a criminal proceeding under Rule 16, which states "[u]pon a sufficient showing the court may at any time order that the discovery or inspection be denied, restricted, or deferred, or make such other order as is appropriate." FED. R. CRIM P. 16(d)(1); *see also* U.S. v. Garcia, 625 F.2d 162, 165 (7th Cir. 1980). In determining whether discovery should be restricted, a court must weigh the defendant's need for the information against competing public interests, including the potential harassment of a witness. Id. Mr. Winston's petition has been resolved and he hasn't filed a notice of appeal, so his continued need in the investigative report is minimal. An order requiring him to return the report to counsel is therefore appropriate.

Accordingly, the government's motion to return the Department of Labor's investigative report [Doc. No. 115] is GRANTED, and Mr. Winston is ORDERED to return said report to his attorney, without retaining any copies, within 7 days of the entry of this order.

Entered:   April 19, 2007

>   /s/ Robert L. Miller, Jr.
> Chief Judge
> United States District Court